FILED
SUPERIOR COURT
OF GUAM

2019 JAN 15 PM 3: 03

CLERK OF COURT

@

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>MAX THEODORE DIZON MANABAT,<br>DOB: 09/11/1992<br><br>DEFENDANT. | CRIMINAL CASE NO.: CF0470-13<br><br>DECISION AND ORDER<br>(People's Restitution Summary) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on September 14, 2018 on the People's submission of a Restitution Summary. Max Theodore Dizon Manabat ("Defendant") filed an Opposition to Restitution on September 19, 2018. The Defendant was represented by Attorney F. Randall Cunliffe. Assistant Attorney General Peter J. Santos appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court now issues the following Decision and Order.

### BACKGROUND

On December 28, 2017, a Superior Court of Guam Petit Jury returned a verdict of guilty against the Defendant on the sole charge[1] in the Amended Superseding Indictment, Vehicular

---

[1] The Defendant was initially charged with two (2) counts of Vehicular Homicide (As a 2nd Degree Felony), Improper Left Turn (As a Violation), Reckless Driving with Injuries (As a Misdemeanor), and Failure to Yield the Right of way (As a Violation) in an Indictment filed on September 6, 2013. A Superseding Indictment, containing the same charges, was returned by the Grand Jury on October 25, 2013. In a Decision and Order dated April 7, 2015, this Court dismissed the charges of Improper Left Turn (As a Violation), Reckless Driving with Injuries (As a Misdemeanor), and Failure to Yield the Right of Way (As a Violation). In a separate Decision and Order issued on

Homicide. See Am. Superseding Indictment (Dec. 12, 2017); see also, 16 G.C.A. § 18111(a). The charge arose out of a car crash that occurred on Marine Corps Drive near the Yigo Payless on August 13, 2013. The Defendant was driving a black Toyota Camry southbound when he entered the center lane and attempted to make a left turn off of Marine Corps Drive. The Defendant's cousin, Paolo Sangil was in the passenger seat of the Camry. James Paul Aguero was driving a moped northbound on Marine Corps Drive, with passenger Doreen L. Manglona. When the Defendant turned left across northbound traffic, the moped driven by Aguero collided with the Defendant's vehicle. All four individuals were taken to the hospital, where Aguero later died from injuries sustained during the crash.

## DISCUSSION

On September 14, 2018, the People filed a Restitution Summary. Restitution Summary (Sep. 14, 2018). The Restitution Summary states the amount of restitution at $7,404.24 to cover funeral expenses and travel expenses for family members to attend the funeral. Id. In their Reply brief, the People concede that the airline related costs that were claimed by the victim's family are not payable restitution and the family has withdrawn that claim. Reply at 2 (Oct. 5, 2018). The People therefore seek $5,598.00 as the new amount of restitution. Id. This amount includes $3,898.00 to be paid to Ada's Mortuary, Inc. and $1,700.00 to be paid to Mary Q's Catering. Restitution Summary 2 (Sept. 14, 2018).[2] Defendant argues these expenses are not being made to the victim and are therefore not subject to restitution payments. Opp'n at 1 (Sept. 19, 2018).

A person who is convicted of a first- or second-degree felony may be sentenced to pay restitution to the victim(s) not exceeding $10,000.00. 9 GCA § 80.50(a) (2005). Defendant argues 9 GCA § 80.50 allows restitution to be ordered to compensate a victim for expenses incurred by the victim, but does not allow restitution for costs incurred by parties other than the victim. Opp'n at 1 (Sep. 19, 2018).

---

January 11, 2016 the Court dismissed the first Count in the Superseding Indictment of Vehicular Homicide (As a 2nd Degree Felony).

[2] The Restitution Summary correctly states the amount paid to Ada's Mortuary, Inc. as $3,898.00 and the amount to be paid to Mary Q's Catering as $1,700.00, for a total of $5,598.00. The People's Reply brief incorrectly states the amount paid to Ada's Mortuary as $3,693.00, which does not take into account a prepayment of $205.00.

The term "loss" is defined by the statute as the "amount of value separated from the victim," and the Court finds that this amount includes the out-of-pocket expenses incurred by the family of the victim to provide funeral services. See People v. Mallo, 2008 Guam 23 ¶ 43 (explaining that funeral expenses are considered a loss to the victim, and that if the trial court makes a finding as to the amount incurred, it may award those expenditures in restitution). The Supreme Court of Guam in Mallo found that funeral costs already paid by the victim's brother could be reimbursed directly, as opposed to restitution being paid to the victim's estate, which in turn would be liable to the individuals who paid the funeral expenses. Id. ¶ 43. Because the Supreme Court of Guam has held that a victim's family may recover funeral expenses pursuant to 9 GCA § 80.50, Defendant's argument fails.

While not objected to by the Defendant, this Court further finds that catering services are an integral part of funeral services and the costs of such services are therefore recoverable by the victim's family.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the People's request for restitution paid to the family of the victim in the amount of $5,598.00 as reimbursement for amounts paid to Ada's Mortuary, Inc. and Mary Q's Catering.

SO ORDERED ___1/15/19___.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

I acknowledge that a copy of the original hereto was placed in the court box of: AG. Cunliffe

Date: 1/15/19 Time: 3:05
@